UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA         )
                                )
            v.                   ) Criminal Action No. 13-200 (RWR)
                                )
SIDNEY WOODRUFF, SR., and        )
CALVIN STODDARD,                 )
                                )
            Defendants.          )
_____)

**MEMORANDUM ORDER**

Defendants Sidney Woodruff, Sr. and Calvin Stoddard move for a new trial, arguing that the verdict form submitted to the jury failed to ask the jury to find "beyond a reasonable doubt the amount of drugs attributable to each defendant."  Mot. for New Trial, ECF No. 377.  The government opposes, arguing that while the jury form was erroneous, the appropriate remedy is to make the appropriate adjustments at sentencing, instead of granting the defendants' motion for a new trial.  Gov't Opp'n to Defs. Woodruff and Stoddard's Mot. for a New Trial, ECF No. 389 ("Gov't Opp'n").  Because the D.C. Circuit has not so far required that a jury find that the amount of heroin that triggers the statutory mandatory minimum penalty in a narcotics conspiracy be attributable to the conduct of an individual

convicted conspirator - - or be reasonably foreseeable by him or her as the amount involved in the conspiracy - - before that amount's penalties are triggered for that conspirator, the defendants' motion for a new trial will be denied.

After a jury trial, Woodruff and Stoddard were found guilty of participating in a conspiracy to distribute or possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846.  See Verdict Form, ECF No. 371.  Before submitting the case to the jury, the government objected to the verdict form, arguing that the verdict form failed to "reflect the jury's determination as to the amount of drugs attributable to each individual defendant."  Gov't Opp'n at 6 n.6; 6/5/15 Unofficial Trial Tr. at 5:7-14.  The objection was overruled and the case was submitted to the jury.[1]  Now, Woodruff and Stoddard move for a new trial, claiming that the verdict form was erroneous.

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and

---

[1] The government states that "without the benefit of the full record at trial, the government believes that the defendants did not object to the verdict form during trial and the jury instructions related to it," and therefore argues that plain error review would be applicable.  Gov't Opp'n at 3 n.5. While there is no need to reach the standard of review question here because the verdict form was not erroneous, the Court will not assume that the defendants failed to preserve an objection to the verdict form.

grant a new trial if the interest of justice so requires." Fed.
R. Crim. P. 33(a).  The defendant must carry the burden in
demonstrating that a new trial is "in the interest of justice."
United States v. Machado-Erazo, 986 F. Supp. 2d 39, 44 (D.D.C.
2013) (citing United States v. Mangieri, 694 F.2d 1270, 1285
(D.C. Cir. 1982)).  The decision to grant a new trial is
"committed to the sound discretion of the trial judge, and is
subject to reversal only for abuse of discretion or
misapplication of the law."  Machado-Erazo, 986 F. Supp. 2d at
44 (quoting United States v. Reese, 561 F.2d 894, 902 (D.C. Cir.
1977)) (internal quotation marks and alterations omitted).

Here, the alleged error is that the verdict form did not
require the jury to find that 100 grams or more of heroin was
attributable to Woodruff and Stoddard individually, or
reasonably foreseeable to them as the amount involved in the
conspiracy.  Both the government and the defendants point to
Apprendi v. New Jersey, 530 U.S. 466 (2000), Alleyne v. United
States, 133 S. Ct. 2151 (2013), and their progeny for support.
Neither Apprendi, nor Alleyne, nor D.C. Circuit case law compels
the conclusion for which the parties argue.

In Apprendi, the defendant pled guilty to a shooting in
violation of a state weapons statute carrying a sentence of
imprisonment of 5 to 10 years.  The state's separate hate crime
statute enhanced the imprisonment term to 10 to 20 years if the

sentencing judge were to find by a preponderance of the evidence that a defendant committed such a shooting because of the victim's race.  The judge made such a finding after a hearing and enhanced the sentence to 12 years.  The Supreme Court found that the enhancement procedure violated the Sixth Amendment, and held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

Woodruff and Stoddard were charged in an indictment under 21 U.S.C. § 846 with knowingly participating in a conspiracy to distribute or possess with intent to distribute 100 grams or more of heroin.  A conspiracy involving under 100 grams of heroin subjects offenders to imprisonment from zero to 20 years; a conspiracy involving 100 grams or more but less than 1,000 grams of heroin subjects offenders to imprisonment from 5 to 40 years.[2]  The fact that subjects the defendants to the enhanced statutory maximum of 40 years is that the conspiracy involved

---

[2]  The conspiracy statute, 21 U.S.C. § 846, subjects offenders to the same penalties as those prescribed for the substantive offense that was the object of the conspiracy. Distribution and possession with intent to distribute over 100 grams of heroin is punishable under § 841(b)(1)(B)(i) and subject to these terms of imprisonment.

100 grams or more of heroin.  That fact was submitted to the jury[3] and found by the jury beyond a reasonable doubt.[4]

---

[3] The copy of the jury instructions provided to the jury said "[i]f you find a defendant guilty of the offense of conspiracy to distribute or possess with intent to distribute a controlled substance as charged in the Indictment, you must then ask yourselves whether the government proved that a subject of that conspiracy was a mixture or substance containing the controlled substance heroin.  If your answer is yes, then you must ask yourselves whether the government proved that the amount of the mixture or substance containing heroin that was a subject of the conspiracy was 100 grams or more.  An affirmative answer to either question must be unanimous. The verdict form will present these questions and a place for your answers in a logical order."  Final Jury Instructions at 23.

[4] The Verdict Form returned by the jury read as to Count One:  "With respect to the offense of conspiracy to distribute or possess with the intent to distribute a controlled substance between in or about June 2011 and March 2013, we the jury unanimously find the defendant

Sidney Woodruff, Sr.:  _____ Not Guilty    __X__ Guilty

Calvin Stoddard:  _____ Not Guilty    __X__  Guilty

If the jury finds any defendant guilty of the conspiracy charged in Count One, answer the following questions:

A. Does the jury unanimously find that a mixture or substance containing the controlled substance heroin was a subject of the conspiracy to distribute or possess with intent to distribute?

__X__ Yes    _____ No

If your answer to question A is No, proceed to Count Two below.  If your answer to question A is Yes, proceed to question B.

In Alleyne, a jury convicted the defendant of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  That offense carries a mandatory minimum term of imprisonment of 5 years, but the mandatory minimum term is enhanced to 7 years if the firearm is brandished.  The question of whether the firearm was brandished was not submitted to the jury.  However, the sentencing court found that fact by a preponderance of the evidence and, invoking the enhanced mandatory minimum term, sentenced the defendant to 7 years.  The Supreme Court, extending its reasoning in Apprendi, held "that facts that increase mandatory minimum sentences must be submitted to the jury."  Alleyne, 133 S. Ct. at 2163.  Here, again, the fact that subjects Woodward and Stoddard in the first place to a mandatory minimum sentence of 5 years - - that the conspiracy involved 100 grams or more of heroin - - was submitted to the jury and found beyond a reasonable doubt.

Apprendi and Alleyne did not address whether a jury must find that the amount of drugs that triggers a statutory

---

B. Does the jury unanimously find that the amount of the mixture or substance containing heroin was 100 grams or more?

__X__  Yes  _____  No

mandatory minimum penalty in a narcotics conspiracy is attributable to the conduct of a convicted conspirator - - or is reasonably foreseeable by him or her as the amount involved in the conspiracy - - before that amount's penalties are triggered for that conspirator.  The circuits have split on how under Apprendi and Alleyne to properly resolve this question.  See, e.g., United States v. Stiger, 413 F.3d 1185, 1192-93 (10th Cir. 2005) (holding that Apprendi is satisfied when the jury finds the drug amounts for the conspiracy as a whole, rejecting the argument that the jury must find the drug amounts attributable to an individual conspirator); United States v. Phillips, 349 F.3d 138, 141-43 (3rd Cir. 2003) (same) judgment vacated on other grounds sub nom. Barbour v. United States, 125 S. Ct. 992 (2005); United States v. Knight, 342 F.3d 697, 709-10 (7th Cir. 2003) (same); and see United States v. Jimenez, 586 Fed. Appx. 50, 56 (2d Cir. 2014) (holding that a jury finding that the conspiracy involved a quantity of narcotics that under the statute subjects a conspirator to a mandatory minimum prison term complies with Alleyne).  But see, e.g., United States v. Foster, 507 F.3d 233, 250-251 (4th Cir. 2007) (finding that Apprendi requires a jury to "determine that the threshold drug amount was reasonably foreseeable to the individual defendant" before the statutory sentencing maxima and mandatory minima of § 841(b) can apply in a drug conspiracy case);  United States v.

Banuelos, 322 F.3d 700, 705-707 (9th Cir. 2003) (holding that
Apprendi requires a district court, as the factfinder after a
guilty plea, to find beyond a reasonable doubt the amount of
drugs attributable to a defendant convicted of participating in
a drug conspiracy, when the drug quantity admittedly
attributable to the conspiracy increases the statutory maximum
penalty); and see United States v. Pizzaro, 772 F.3d 284, 292-94
(1st Cir. 2014) (finding that Alleyne forbids applying a
mandatory minimum sentence to an individual coconspirator
without an individualized finding by a jury "that the triggering
amount was attributable to, or foreseeable by, him") (internal
quotation omitted)).

     The D.C. Circuit has not resolved this question either.
See, e.g., United States v. Garcia, 757 F.3d 315, 320-21 (D.C.
Cir. 2014) (observing that the view of the majority of circuits
is that "once the jury finds the defendant guilty of joining the
conspiracy, his statutory penalty range is established by the
jury's determination of the type and quantity of drugs
attributable to the entire conspiracy, regardless of whether the
individual defendant should have foreseen the amount used[,]"
but declining to resolve the issue); United States v.
Lopesierra-Gutierrez, 708 F.3d 193, 208 (D.C. Cir. 2013)
(declining to resolve the question of whether "Apprendi required
the jury to find the quantity of drugs attributable to [the

defendant] individually - - as opposed to the quantity
attributable to the conspiracy as a whole."). But see United
States v. Law, 528 F.3d 888, 906 (D.C. Cir. 2008) (holding that
"a defendant convicted of conspiracy to deal drugs, in violation
of § 846, must be sentenced, under § 841(b), for the quantity of
drugs the jury attributes to him as a reasonably foreseeable
part of the conspiracy.").[5]  The instructions provided to the
jury here and the corresponding verdict form are consistent with
the view that the jury need determine only the amount of drugs
attributable to the entire conspiracy, but not to the individual
defendants.

While the verdict form did not ask the jury to find the
drug quantities attributable to each defendant, it did require
the jury to make a finding of a drug quantity attributable to
the conspiracy as a whole.  Both the mandatory minimum exposure
and the enhanced maximum exposure were triggered by that
unanimous finding beyond a reasonable doubt by the jury
reflected on the verdict form.  The verdict form complied with
what Apprendi and Alleyne require.  Should this issue reach and
be taken up by the D.C. Circuit, this Opinion attempts to make

---

[5] Garcia distinguished this holding by noting that "Law did
not directly confront the Apprendi argument Garcia raise[d].
And in the most recent case where this issue was squarely
raised, we did not reach the matter."  757 F.3d at 321 (citing
Lopesierra-Gutierrez, 708 F.3d at 208).

clear which path was taken at this trial.  Accordingly, it is hereby

ORDERED that the defendants' motion for new trial [377] be, and hereby is, DENIED.

SIGNED this 28th day of August, 2015.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge